UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> GUARDSMARK, LLC, <br><br> Defendant. | Case No. <br> HON. <br><br> Complaint and <br> Jury Demand |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Christopher Smith who was adversely affected by such practices. As alleged with greater particularity in paragraphs 7-12 below, the Equal Employment Opportunity Commission alleges that Defendant, Guardsmark, LLC, retaliated against Christopher Smith by discharging him in response to Smith's opposing sexually inappropriate conduct in the workplace.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Guardsmark LLC,

2

("Defendant Employer") has continually been a Delaware corporation doing business in the State of Michigan and the city of Troy, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Christopher Smith filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. In or about June 2012, Defendant Employer engaged in an unlawful employment practice at its Troy, Michigan facility in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a) by discharging Smith because he opposed sexually inappropriate conduct in the workplace.

8. Smith worked as a security guard for Defendant Employer at General Dynamic's Warren, Michigan facility.

9. On a number of occasions, Smith observed a co-worker using the security cameras to zoom in on women's private parts.

10. Smith complained to the co-worker to no avail. Thereafter, on or about June 4, 2012, Smith informed a female victim, who complained.

11. Two days later, on June 6, 2012, Defendant Employer removed Smith from his position at General Dynamics.

12. Defendant Employer essentially discharged Smith by removing Smith from his General Dynamics assignment, and failing to reassign him to another position.

13. The effect of the practices complained of in paragraphs 7 through 12 above, has been to deprive Smith of equal employment opportunities and otherwise adversely affect his status as an employee.

14. The unlawful employment practices complained of in paragraphs 7-12 above, were and are intentional.

15. The unlawful employment practices complained of in paragraphs 7-12 above, were done with malice or with reckless indifference to the federally protected rights of Smith.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination, perpetuating a sexually hostile work environment, and retaliating against any individual who opposes sex discrimination and/or a sexually hostile work environment.

B. ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all of its employees and which eradicate the effects of its past and present unlawful employment practices.

C. ORDER Defendant Employer to make whole Smith by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in

paragraphs 7-12, above, in amounts to be determined at trial.

D.  ORDER Defendant to make whole Smith by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-12, above, in amounts to be determined at trial.

E.  ORDER Defendant Employer to pay punitive damages for its malicious or reckless conduct described in paragraphs 7-12, above, in amounts to be proven at trial.

F.  GRANT such further relief as the Court deems necessary and proper in the public interest.

G.  AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

EQUAL EMPLOYMENT OPPORTUNITYCOMMISSION

Respectfully submitted,

/s/ Laurie A. Young
LAURIE A. YOUNG
Regional Attorney


/s/ Kenneth L. Bird
KENNETH L. BIRD
Supervisory Trial Attorney


/s/ Nedra D. Campbell
NEDRA D. CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
nedra.campbell@eeoc.gov
Tel. No. (313) 226-3410


Dated: December 24, 2013