UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Equal Employment Opportunity Commission,
Christopher Smith (Plaintiff-Intervenor)

        Plaintiffs,         Case No: 13-15229
v.         Hon. Victoria A. Roberts

Guardsmark, LLC,

        Defendant.
_____/

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT**

**I.    Introduction**

The Equal Employment Opportunity Commission ("EEOC") filed a Complaint alleging Defendant Guardsmark LLC unlawfully fired employee Christopher Smith ("Smith") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. Smith intervened filing a separate Complaint alleging retaliation under Title VII and the Elliot Larsen Civil Rights Act, M.C.L., § 37.2101, *et seq*.

Both EEOC and Smith filed Partial Motions for Summary Judgment. Smith adopts and joins EEOC's Motion. Guardsmark filed a Motion for Summary Judgment against both Plaintiffs on all counts. Guardsmark says both Plaintiffs lack standing, fail to present genuine issues of material fact that retaliation occurred, and cannot establish a *prima facie* case for retaliation. On the other hand, the EEOC says there is direct evidence of discrimination and retaliation and that no issues of fact remain to be decided.

The Motions are **DENIED**.

## II. Statement of Facts

Guardsmark provides security services to various companies, including General Dynamics Land Systems, Inc., ("General Dynamics). Smith saw another guard using security cameras to zoom in on a woman's breasts. Smith did not tell his superiors. Instead, he told the woman, Sarah Stewart ("Stewart"), a former co-worker. On June 5, 2012, Patty Calisi, Human Resource Director for Stewart's employer (Computer Sciences Corporation, a contractor for General Dynamics) sent an email to human resources for General Dynamics about the incident. The email identified Smith as the person who informed Stewart that she was inappropriately filmed. The next day Guardsmark removed Smith.

## III. Standard of Review

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (discussing FED. R. CIV. P. 56(e)).

"The court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan*, 342 F.3d at 497 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

IV.  Discussion

    A.  **EEOC and Smith have Standing**

Guardsmark says Plaintiffs do not have standing because Title VII does not protect employees from retaliation for opposing discrimination against non-employees.

The anti-retaliation provision of Title VII has been broadly construed to cover a broad range of conduct. *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 174 (2011). It prohibits "any employer action" that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Id.* (Citations omitted).

The Court finds Plaintiffs have standing; a reasonable worker might be dissuaded from opposing sexually inappropriate conduct in the workplace if he knew that he would be fired. Whether or not the underlying claim of sexual harassment has merit is unimportant, Smith engaged in protected activity by opposing what he believed was unlawful sexual harassment by another security guard. *See Horner v. Klein*, 497 F. App'x 484, 489 (6th Cir. 2012) (unpublished).

    B.  **Genuine Issues of Fact Exist**

In denying the Motions for Summary Judgment, the Court finds genuine issues of fact exist, including but not limited to:

- Whether Guardsmark knew at the time Smith was removed, that Smith had engaged in protected activity by providing information to Stewart who then filed a complaint.

3

- Whether Guardsmark's business reasons for removing Smith from his position were sufficient to warrant removal.

## V. Conclusion

All three Motions (ECF No. 49; ECF No. 50 and ECF No. 52) are **DENIED**.

**IT IS ORDERED**.

        S/Victoria A. Roberts
        Victoria A. Roberts
        United States District Judge

Dated: April 8, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 8, 2016.

s/Linda Vertriest
Deputy Clerk

---