UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Equal Employment Opportunity Commission,
Christopher Smith (Plaintiff-Intervenor)

        Plaintiffs,        Case No: 13-15229
v.        Hon. Victoria A. Roberts

Guardsmark, LLC,

        Defendant.
_____/

**ORDER DENYING GUARDSMARK'S MOTION FOR CLARIFICATION AND RECONSIDERATION OR, ALTERNATIVELY, CERTIFICATION FOR LEAVE TO APPEAL THE COURT'S ORDER DENYING GUARDSMARK'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 67]**

**I.    Introduction**

The Equal Employment Opportunity Commission ("EEOC") filed a Complaint alleging Guardsmark, LLC unlawfully fired employee Christopher Smith ("Smith") in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3. Smith intervened. On April 8, 2016, the Court denied Guardsmark's motion for summary judgment as well as motions for partial summary judgment by the EEOC and Smith.

Guardsmark alleges the Court erred by: (1) not addressing how conduct toward a third party constitutes protected conduct; and (2) not addressing the balancing test for whether Smith's disclosure of security footage was reasonable.

Neither claim represents a palpable, outcome-determinative error and Guardsmark fails to meet the requirements for interlocutory appeal. The Motion is **DENIED**.

1

II.     **Legal Standard**

     A.     **Motion for Reconsideration**

A court may grant a motion for reconsideration if it is demonstrated that a palpable defect misled the Court in its ruling, the correction of which would result in a different disposition. E.D. Mich. LR 7.1(h)(3). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided." *Id.* Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).

III.     **Background**

Smith was a Guardsmark security officer stationed at General Dynamics Land Systems ("GDLS"), a research and government defense contractor. Smith saw his co-worker, Rich Heinrich, use security cameras to zoom in on women in a way that he thought constituted sexual harassment. Smith did not tell his superiors but he confronted Heinrich directly. Heinrich allegedly told Smith to mind his own business and continued to zoom in on women. Smith says he did not tell his superiors because they were close with Heinrich. Smith was a relatively new employee and says he feared being fired. Smith began documenting the dates and times he observed Heinrich use the cameras in a way which he believed to be inappropriate. Smith says he documented twelve incidents over approximately nine months.

In June 2012, Heinrich used a camera to zoom in on someone Smith knew, Sarah Stewart, a former co-worker. Smith told Stewart and showed her the footage which allegedly consisted of the camera zooming in on her breasts. Smith says he urged Stewart to report the behavior. Stewart was a new employee of Computer Sciences Corporation ("CSC"), a contractor working onsite at GDLS. Stewart had previously been a Guardsmark security guard. When she viewed the footage her security clearance was the same as Heinrich. Stewart filed a complaint with CSC. On June 5, 2012, CSC sent an email to GDLS. The email identified Smith as the person who informed Stewart that she was inappropriately filmed. The next day Guardsmark removed Smith. Guardsmark did not preserve the security footage.

IV. Discussion

 A. Protected Activity: Stewart and other Alleged Incidents

Title VII protects employees from opposing employment practices. The opposition clause covers conduct such as "complaining to anyone (management, unions, other employees, or newspapers) about allegedly unlawful practices; refusing to obey an order because the worker thinks it is unlawful under Title VII; and opposing unlawful acts by persons other than the employer-e.g., former employers, union, and co-workers." *Niswander v. Cincinnati Ins. Co.*, 529 F.3d 714, 721 (6th Cir. 2008) (Citations omitted). Unlawful employment practices include any actions taken on the basis of race, color, religion, sex, or national origin that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2; *Niswander*, 529 F.3d at 719-20. "[T]he only qualification that is placed upon an employee's invocation of protection from retaliation

under Title VII's opposition clause is that the manner of [the employee's] opposition must be reasonable." *Id.* at 721. The plaintiff has the burden to show that he engaged in protected activity. *Id.*

Guardsmark says summary judgment is appropriate because this case falls outside the ambit of Title VII protection because Stewart is not its employee.

There is a lower burden of proof to sustain a *prima facie* case than to win judgment on the ultimate issue. *E.E.O.C. v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997). Smith provided sufficient evidence to sustain a *prima facie* case, which requires that plaintiff show: (1) he or she engaged in protected activity; (2) the employer knew of the exercise of the protected right; (3) an adverse employment action was taken against the employee; and (4) there is a causal connection between the protected activity and the adverse employment action. *Morris v. Oldham County Fiscal Ct.,* 201 F.3d 784, 792 (6th Cir. 2000). The Sixth Circuit has embraced a broad interpretation of protected conduct. *Johnson v. Univ. of Cincinnati*, 215 F.3d 561, 580 (6th Cir. 2000).

For example, the Court finds that Smith provided sufficient evidence that he engaged in protected conduct when he confronted Heinrich and when he informed Stewart. Guardsmark's focus only on Stewart is misplaced because it was not the only time Smith opposed what he believed was unlawful conduct and Stewart was not the only alleged victim. The second factor is also met; evidence supports that Guardsmark knew that Smith had exercised a protected right. Although Guardsmark says it was not aware of other incidents of inappropriate camera use, Smith attached deposition testimony from Peter Dobbin, Guardsmark's Manager in Charge, which said Smith told

him of other instances of inappropriate video use by Heinrich prior to Smith's permanent removal. The parties do not dispute Smith suffered an adverse employment action. Thus, the third factor is not at issue. The fourth factor is also met. Plaintiffs provided deposition testimony that supports a finding of causation for purposes of establishing a *prima facie* case of retaliation.

Once the employee provides sufficient evidence to make out a prima facie case, the burden shifts to the employer to produce evidence of a legitimate, nondiscriminatory reason for its actions. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 862 (6th Cir.1997). If the employer satisfies this burden, the employee must then demonstrate that the legitimate reason offered by the employer was in fact only a pretext designed to mask retaliation. *Id.*

Guardsmark offered six nondiscriminatory reasons for removing Smith. However, Plaintiffs offered sufficient evidence that these reasons were a pretext. Whether Guardsmark's business reasons for removing Smith from his position were sufficient to warrant removal is a question for the fact finder.

Guardsmark merely offers arguments and issues previously rejected by this Court. It fails to point to a palpable, outcome-determinative error.

### B. Security Footage

Guardsmark says the Court implicitly ruled that Smith engaged in a protected activity when he showed Stewart the security footage. Guardsmark says the Court erred by doing so without discussion of *Niswander*. Guardsmark says it has a legitimate interest in maintaining the confidentiality of its security cameras and asks the Court to reconsider its Order in light of the balancing test established in *Niswander*.

The *Niswander* court applied a six factor balancing test to determine whether Niswander's production of documents was reasonable: "(1) how the documents were obtained; (2) to whom the documents were produced; (3) the content of the documents, both in terms of the need to keep the information confidential and its relevance to the employee's claim of unlawful conduct; (4) why the documents were produced, including whether the production was in direct response to a discovery request; (5) the scope of the employer's privacy policy; and (6) the ability of the employee to preserve the evidence in a manner that does not violate the employer's privacy policy." *Id.* at 726.

*Niswander* addressed the production of confidential documents and is not directly on point here, where the confidential material is security footage. However, in an unpublished opinion, the Sixth Circuit considered whether the *Niswander* factors applied to a situation where an employee recorded conversations with various individuals as evidence for a possible lawsuit. *Jones v. St. Jude Med. S.C., Inc.*, 504 F. App'x 473, 480 (6th Cir. 2012). In *Jones*, after an employee was removed from a sales account, she recorded conversations with a manager, several doctors, and other employees. None of the individuals recorded knew they were being taped. The recordings were made to create evidence for a possible lawsuit. Although the plaintiff eventually realized that making these recordings violated company policy, she continued to make them. The defendant company was told about the recordings by the plaintiff in the spring; she later turned them over through discovery. The plaintiff argued her recordings were reasonable opposition under *Niswander*. The Sixth Circuit affirmed summary judgment in favor of the employer, noting that *Niswander* applied specifically to confidential documents and is not directly relevant to recordings. The Sixth Circuit declined to hold

6

that the *Jones* recordings are protected conduct because Jones did not show why she needed to violate the recording policy in order to oppose the alleged discrimination by the defendants.

In light of *Jones*, it is unclear whether the six factor test applies to a determination of whether the showing of security footage to Stewart was reasonable. But even if it does not, the Court does consider whether the plaintiff could have preserved the evidence in a way that does not violate the Defendant's nondisclosure policy.

Smith has sufficiently shown reasons for showing the security footage to Stewart. Guardsmark did not preserve the footage. And, Smith did not tell his superiors because they were close with Heinrich and he feared termination.

Guardsmark fails to show a palpable defect. Guardsmark's Motion for Reconsideration is **DENIED**.

    **C.**    **Interlocutory Appeal**

A Court may certify a non-final decision for interlocutory appeal when the following factors are met: (1) the order involves a controlling question of law; (2) for which there is substantial ground for difference of opinion respecting the correctness of the decision; and (3) for which an immediate appeal would materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b); *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). Review under § 1292(b) is granted "sparingly and only in exceptional cases." *Id.* (*citing Kraus v. Bd. Of County Rd. Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)).

Guardsmark fails to clearly set out the issue it would like certified. It indicates there are two questions that involve controlling issues of law. These appear to be: (1) whether it was objectively reasonable for Smith to believe he was engaged in protected conduct by opposing an employment practice when the victim was a non-employee; and (2) whether Smith engaged in protected activity when he showed the video to Stewart and Merritt.

The Court declines to certify the first question. It is not a controlling issue of law because there are issues of fact regarding the other instances of alleged harassment. Similarly, a decision regarding Stewart alone will not materially advance the ultimate termination of the litigation. Finally, although other district courts have held non-employees are not protected by Title VII, those decisions are not binding on this Court and fail to rise to the level of substantial ground for difference of opinion.

The Court also declines to certify the second question. It is not purely a question of law since the parties dispute what was on the footage and whether the footage was confidential. The second element is not met. *Niswander* involves a balancing test which the Court has discretion to apply. Finally, an appeal of the issue would not materially advance the litigation; Smith engaged in other forms of protected conduct and showing the video is not the only reason Guardsmark provided for terminating Smith.

Guardsmark's Motion to Certify an Issue for Interlocutory Appeal is **DENIED**.

V.   **Conclusion**

Guardsmark's Motion for Clarification and Reconsideration or alternatively, certification for leave to appeal the Court's order denying Guardsmark's Motion for

Summary Judgment is **DENIED**.

      **IT IS ORDERED**.

                                                  S/Victoria A. Roberts
                                                  Victoria A. Roberts
                                                  United States District Judge

Dated: June 22, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 22, 2016.

s/Linda Vertriest
Deputy Clerk

---