## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
    Plaintiff,

and CHRISTOPHER SMITH
    Plaintiff - Intervenor,

v.

GUARDSMARK, LLC,
a Foreign Limited Liability Company,
    Defendant.

Case No. 2:13-cv-15229
Hon. Victoria A. Roberts
Magistrate Mona Majzoub

_____/

Kenneth L. Bird
Nedra Campbell (P58768)
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
477 Michigan Ave. Rm. 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov


Jennifer B. Salvatore (P66640)
SALVATORE PRESCOTT PLLC
105 E Main Street
Northville, MI 48167-1619
(248) 679-8711
salvatore@salvatoreprescott.com

Stephen E. Glazek (P23186)
Melonie L.M. Stothers (P65344)
BARRIS, SOTT, DENN
& DRIKER, P.L.L.C.
Counsel for Guardsmark, LLC
333 W Fort Street, Ste. 1200
Detroit, Michigan 48226-3281
(313) 965-9725
sglazek@bsdd.com
mstothers@bsdd.com

_____/

## CONSENT DECREE

Christopher Smith ("Smith") is a former employee of Guardsmark, LLC ("Guardsmark"). Guardsmark was the security contractor employing security officers at the General Dynamics Land System facility in Sterling Heights, Michigan.

On December 24, 2013, the United States Equal Employment Opportunity Commission ("Commission" or "EEOC") filed this action against Guardsmark to enforce Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e ("Title VII"). In its Complaint (the "EEOC Complaint"), the Commission alleged that Guardsmark violated Title VII by discharging Smith in retaliation for Smith opposing sexually inappropriate conduct by a co-worker. After the Commission's Complaint was filed, Smith exercised his right to intervene in the Commission's action and filed a Complaint and Amended Complaint (collectively the "Smith Complaint") under Title VII and Michigan's Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.* ("ELCRA"), against Guardsmark.  Guardsmark denied and continues to deny liability under Title VII and ELCRA.

As a result of settlement discussions, the EEOC, Smith, and Guardsmark have resolved their differences and agreed that this action should be settled by way of this Consent Decree. It is the intent of the parties that this Consent Decree and the Settlement Agreement and Full Release of All Claims executed by Smith be a final and binding settlement in full disposition of the above-referenced complaints

brought against Guardsmark in this matter and in the Charge of Discrimination filed against Guardsmark by Smith.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over EEOC, Smith, and Guardsmark and the subject matter of this action; and 2) this Consent Decree fully and finally resolves all matters in controversy or claims and issues arising out of the EEOC Complaint and Smith Complaint filed in this case.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED:

## NON-RETALIATION

1.      Guardsmark, its officers, agents, employees, attorneys, and all persons in active concert or participation with them shall not retaliate against nor aid any agents or contractors in retaliating against any employee because s/he: (i) opposes discriminatory practices made unlawful by Title VII; (ii) files a charge of discrimination or assists or participates in the filing of such a charge; or (iii) assists or participates in an investigation or proceeding brought under federal laws prohibiting discrimination or retaliation.

## MONETARY RELIEF AND REFERENCE

2.      Within twenty-one (21) business days after this Decree has been entered by the Court, Guardsmark shall pay a total amount of One Hundred and Fifteen Thousand Dollars ($115,000) in monetary relief to Christopher Smith. Of

this monetary payment, Thirty Six Thousand Six Hundred Forty-One and 80/100 Dollars ($36,641.80) shall be considered back pay, and Thirty Six Thousand Six Hundred Forty-One and 80/100 Dollars ($36,641.80) shall be considered compensatory damages, and Forty-One Thousand Seven Hundred Sixteen and 40/100 Dollars ($41,716.40) shall be considered attorneys' fees and costs. Guardsmark shall issue a W-2 for the amount designated as back pay, less appropriate taxes and withholdings, and a 1099-MISC for the remaining amount, in the ordinary course of business. Guardsmark shall not deduct the amount of the employer's share of any costs, taxes, or social security payments required by law to be paid by Guardsmark. Furthermore, Guardsmark shall not withhold any amounts from payment of compensatory damages or attorneys' fees and costs.

3.     Smith will receive neutral job verification as to his employment with Guardsmark, consisting only of the dates of employment and position held.

4.     Within twenty-one (21) business days after payment has been made, Guardsmark shall mail copies of the checks to Kenneth Bird, Acting Regional Attorney, care of Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## NOTICE POSTING

5.     Guardsmark shall cause to be posted for the duration of this Decree in a conspicuous place at the Farmington Hills, Michigan, Branch, where employee

notices are posted, the Notice attached as Exhibit A, in the same type, style, and size. In the event the posting becomes marred, or defaced, Guardsmark shall cause to be re-posted a clean and readable copy. In addition to causing this Notice to be posted, Guardsmark shall cause a copy of Exhibit A to be distributed to all employees assigned to the General Dynamics Land System facility in Sterling Heights, Michigan within thirty (30) days of the entry of this Consent Decree.

## TRAINING

6.      Within sixty (60) days of the date this Decree is entered by the Court, Guardsmark shall cause all of the employees (including managers, supervisors, officers, and directors) assigned to the General Dynamics Land System facility in Sterling Heights, Michigan to be trained on sexual harassment and retaliation. Guardsmark shall keep a registry of all attendees who take the training pursuant to this Decree. Guardsmark shall retain the registry for the duration of this Decree and forward a copy of the list of all attendees to Kenneth Bird, Acting Regional Attorney, care of Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## REPORTING BY GUARDSMARK

7.      Guardsmark shall submit the following in writing and in affidavit form to the Commission's Regional Attorney at the address provided above:

A.      Within ten (10) days of conducting the required training, the registry of persons attending the training required above, and a list of the then current employees assigned to the General Dynamics Land System facility in Sterling Heights, Michigan; and

B.      Within ten (10) days of posting the required notice, Guardsmark shall provide confirmation that (i) the Notice required above was posted, and the location(s) where it was posted; and (ii) the Notice required above was distributed to each current employee assigned to the General Dynamics Land System facility in Sterling Heights, Michigan.

## **DURATION**

8.      Absent extension, this Decree shall expire by its own terms at the end of one (1) year from the date of its entry without further action by the parties.

## **DISPUTE RESOLUTION AND COMPLIANCE**

9.      This Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree.

## **MISCELLANEOUS**

10.      Each party will bear its own costs and fees except as provided in paragraph 2.

11.     If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force.

12.     Any modifications to this Decree must be entered by the Court.

13.     The terms of this Decree are and shall be binding upon Guardsmark, its officers, successors, assigns, directors, employees, creditors, agents, trustees, administrators, and representatives.

IT IS SO ORDERED:

S/Victoria A. Roberts
United States District Judge

Dated: September 6, 2016


EQUAL EMPLOYMENT                    GUARDSMARK, LLC
OPPORTUNITY COMMISSION

  s/ Nedra Campbell                          s/ Melonie L.M. Stothers
Nedra Campbell (P58768)              Stephen E. Glazek (P23186)
                                                  Melonie L.M. Stothers (P65344)


INTERVENING—PLAINTIFF
CHRISTOPHER SMITH

  s/ Jennifer Salvatore
Jennifer B. Salvatore (P66640)


Date:  September 6, 2016
**Exhibit A —NOTICE**

The following notice is being posted and provided pursuant to the terms of a Consent Decree reached between the parties in *EEOC et. al. v. Guardsmark, et. al.*, filed in the United States District Court for the Eastern District of Michigan, Civil Action No. 2:13-cv-15229.

Pursuant to Title VII, it is unlawful for an employer to retaliate against an employee because s/he has opposed discriminatory employment practices, including opposing sexual harassment or sexually inappropriate behavior in the workplace. An employer may not take any adverse action against an employee because s/he opposes employment discrimination or assists another individual in filing an employment discrimination complaint, including a sexual harassment complaint. In addition, an employee shall not be retaliated against because s/he has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because s/he has participated in an investigation of a charge of discrimination.

Any employee who believes that s/he has suffered employment discrimination on the basis of race, color, religion, sex, pregnancy, national origin, age, genetic information, or disability should immediately let management know in accordance with the employment policies provided. You also have the right to contact the EEOC directly at 1-800-669-4000. In compliance with federal law, Guardsmark will not retaliate against an employee who has made an internal complaint of employment discrimination or contacted the EEOC.

This Notice shall remain posted for the term of one (1) year, until September 6, 2017.

Guardsmark, LLC

By:_____        _____

                                                                        Date

8